Thomas A. Aurelio, J.
Defendant, Printing Material Corporation, moves for dismissal of the first cause of action for legal insufficiency. It is therein alleged that on May 1, 1958, the defendant, Printing Material Limited, entered into an agreement with the plaintiff granting to the latter for a period of five years the sole and exclusive right to sell a certain printing machine and other items of machinery and equipment, with stated compensation based upon sales by the plaintiff of the particular printing machine and based upon other net sales made by the defendant. It is then alleged that Limited caused the defendant Corporation to be formed and organized for the purpose of selling machinery, equipment and accessories manufactured by the same supplier, and defendant Corporation was the exclusive agent and representative of the defendant Limited for the sale of this machinery, equipment and accessories. Defendant Corporation, it is alleged, was acting on behalf of defendant Limited as its exclusive agent and representative in violation of the exclusive right granted to the plaintiff; that such sales are being made by the defendant Corporation as the alter ego of the defendant Limited and as its exclusive agent and representative, with its knowledge,' *478 consent and connivance and in violation of the exclusive agency. The defendants acting in concert have prevented the plaintiff from selling the particular machine in that they have prevailed upon the supplier to hinder and delay the shipment and supply of machines to the plaintiff; that the defendant Corporation is selling the particular machine under the guise of another name; that the defendants have concealed from the plaintiff the sales made by them and covered by the agreement with the plaintiff and have prevented and are still preventing the plaintiff from making such sales. It is finally alleged the plaintiff has no adequate remedy at law. It does not clearly appear whether the defendant Limited breached and repudiated its agreement with the plaintiff before the organization of the defendant Corporation or whether by joint and simultaneous action the defendants caused the breach and repudiation or conspired to and did induce the breach and repudiation as the result of a continuing scheme. Nor is it made clearly to appear whether the defendant Corporation is sued as "an independent entity or as the alter ego of the defendant Limited. In the latter case the allegations are insufficient to fasten any liability on the defendant Limited by lifting the corporate veil or otherwise. Moreover, an allegation that plaintiff was prevented from selling after the repudiation of the contract is not an allegation that the defendant Corporation induced the repudiation thereof. In any event and upon whatever theory plaintiff rests, he seeks the enforcement of a simple contract and the recovery of damage for the breach thereof without the statement of any relationship or facts giving rise to a duty to account. The complaint is insufficient. The motion is granted with leave to plaintiff to serve an amended complaint.